IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SALA RODGERS MANNING,

      Plaintiff,                            Case No. 2:26-cv-62
    v.                                    Judge James L. Graham
                                         Magistrate Judge Kimberly A. Jolson

BANK OF AMERICA, N.A.,

      Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Revised Motion for the same are before the Court. (Docs. 1, 3). For the following reasons, the Undersigned **RECOMMENDS** that the Motions be **DENIED**.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). "Courts generally examine an applicant's employment, income, expenses, and any property or assets the applicant possesses when considering applications to proceed *in forma pauperis*." *Motley v. Dream Living LLC*, No. 2:23-CV-3478, 2024 WL 2962791, at *1 (S.D. Ohio June 12, 2024). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her

*in forma pauperis* status. *See Adkins*, 335 U.S. at 339. "Proceeding IFP 'is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.'" *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted).

Plaintiff's original and revised Motions to proceed *in forma pauperis* paint the following picture. Plaintiff is a single, unemployed individual who is the sole provider for her child. (Docs. 1, 3). She was last employed in September 2025. (*Id.*). Since that time, she has received unemployment compensation on and off. (Doc. 3 at 3). But she currently receives "$516 per week" in unemployment. (*Id.* (also noting she expects these benefits to end in March)). Per month, then, Plaintiff receives approximately $2,064. And she estimates her monthly expenses equate to $2,020 between rent, food, utilities, and expenses related to caring for her child. (*Id.*). Plaintiff also states that she has $413 in her bank account. (*Id.*).

These circumstances do not justify granting Plaintiff *in forma pauperis* status. Though Plaintiff asserts that paying the filing fee would impose a significant hardship in meeting her family's living expenses, the amount she receives per month in unemployment income is greater than her monthly expenses. Even more, she currently has enough funds in her bank account to pay the $405 filing fee. *See* https://www.ohsd.uscourts.gov/court-fee-schedule-and-payment-information. She provides no reason why she cannot use these funds to pay the filing fee. *Cf. Townsend v. Dollar Rental*, No. CIV.A. 10-201-DLB, 2010 WL 4790007 (E.D. Ky. Oct. 14, 2010) (recommending denying an *in forma pauperis* application where the plaintiff earned unemployment income and had enough money in her bank account to cover the fee), *report and recommendation adopted*, No. CIV.A. 10-201-DLB, 2010 WL 4791952 (E.D. Ky. Nov. 18, 2010); *Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio

Dec. 10, 2007) (noting that *in forma pauperis* status is usually reserved for people who "would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").

The Undersigned acknowledges that "plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly destitute'" to proceed *in forma pauperis*. *Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins*, 335 U.S. at 339). And very likely, Plaintiff does not wish to allocate her limited funds in her bank account to initiating this litigation. Yet this "appears to be a case where Plaintiff must 'weigh the financial constraints posed by pursuing [her] complaint against the merits of [her] claims.'" *Henderson v. Pappas Trucking LLC AG Container*, No. 2:21-CV-2088, 2021 WL 2003986 (S.D. Ohio May 4, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-CV-2088, 2021 WL 2002408 (S.D. Ohio May 19, 2021).

As such, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's pending Motions for Leave to Proceed *in forma pauperis*. (Docs. 1, 3). The Undersigned further **RECOMMENDS** that should this Report and Recommendation be adopted, Plaintiff be ordered to pay the filing fee within fourteen (14) days or else her case should be dismissed for want of prosecution.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those

3

portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: February 4, 2026                           /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE